24CA1283 Peo v Skelton 02-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1283
Arapahoe County District Court No. 18CR2695
Honorable Shay K. Whitaker, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Dominick Israel Skelton,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE MOULTRIE
Dunn and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

---

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Dominick Isreal Skelton, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Dominick Israel Skelton, appeals the district court's order denying his motion to seal a criminal record. We affirm.

¶ 2    Skelton was convicted of second degree assault – strangulation, a class 4 felony to which he stipulated an underlying domestic violence factual basis. Skelton moved to have this conviction record sealed based on (1) the circumstances surrounding the criminal incident; (2) evidence of his rehabilitation; and (3) his employment interests. Consistent with section 24-72-706(1)(d), C.R.S. 2025, the district court denied Skelton's motion without a hearing, finding that his conviction was ineligible for sealing under the statute.

¶ 3    Skelton appears to concede that the text of section 24-72-706 prohibits sealing his conviction record. Nevertheless, he contends that the court erred by failing to consider his alleged "extraordinary circumstances" and the spirit of the law. We reject this contention.

¶ 4    We review a district court's decision whether to seal criminal records for an abuse of discretion. *People v. C.H.*, 2023 COA 86, ¶ 18. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, unfair, or contrary to law. *Id.*

1

¶ 5     The district court's decision about Skelton's conviction record conforms to the law.  Although section 24-72-706 permits the sealing of some felony conviction records so long as certain conditions are satisfied, felony conviction records "for which the underlying factual basis involves domestic violence as defined in section 18-6-800.3," C.R.S. 2025, are ineligible for sealing. § 24-72-706(2)(a)(VI)(E); *cf.* § 24-72-706(2)(b) (permitting the sealing of otherwise ineligible conviction records if the offense is a *misdemeanor or petty offense* that meets additional criteria).  The statute provides no exception to this rule.

¶ 6     We cannot conclude that the district court's adherence to the plain language of section 24-72-706 was an abuse of discretion. Accordingly, we affirm.

JUDGE DUNN and JUDGE HAWTHORNE concur.